# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Christopher M. Rodland, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 605 C.D. 2015 |
| | : | SUBMITTED: November 13, 2015 |
| County of Cambria, et al. | : | |

**OPINION NOT REPORTED**

**PER CURIAM**
**MEMORANDUM OPINION**  **FILED: February 3, 2016**

Christopher M. Rodland, proceeding *pro se*, appeals from the order of the Court of Common Pleas of Cambria County sustaining the preliminary objections of twenty-two defendants and dismissing his civil complaint, with prejudice. The defendants include Cambria County, the Cambria County Prison Board of Inspectors, and the following board members: the Honorable Timothy P. Creany, District Attorney Kelly Callihan, Esq., Robert Kolar, Edward Cernic, Jr., Douglas R. Lengenfelder, Thomas C. Chernisky, and Mark J. Wissinger. Additional defendants include Cambria County prison administrator John J. Prebish, Jr., deputy wardens Christian Smith and William Patterson, prison security captain Craig Descavish, prison counselors Tammy Sinclair and Daniel Hornbake, prison accountant Tiffany Fogle, Captains Fedorka and Sobecky, Lieutenants Kaschalk and Henderson, and correction officers Lee Yingling and Jill McAllister. We affirm.

In his civil complaint against the defendants in their official and individual capacities, Rodland averred seven sets of facts and one set common to

all of the counts, claims and allegations. His allegations arose out of alleged problems that he experienced while incarcerated, including claims of inmate extortion and assaults, placement in a disciplinary housing unit as alleged retaliation for filing a complaint in mandamus against prison administrator Prebish in 2012, issues with prison housing conditions, allegations of confiscation and the failure to return his personal items, problems with his inmate telephone account, problems with purchasing certain items from the commissary, the alleged improper handling of his grievances and the alleged statutory violations of the protections afforded to him under the agreement between Cambria County and the Pennsylvania Department of Corrections.

Rodland's complaint included twelve counts: **Count I:** breach of contract, breach of contract to third-party beneficiary, breach of bailment contract, breach of fiduciary duty and failure to follow policy and procedure; **Count II:** negligent infliction of emotional distress, misfeasance, malfeasance, non-feasance, failure to protect, failure to respond to sexual assault and failure to intervene; **Count III:** breach of contract, breach of contract to third-party beneficiary, and failure to train and supervise; **Count IV:** denial of court access, violation of due process and equal protection and tortious interference with court access; **Count V:** breach of contract, breach of contract to third-party beneficiary, civil conspiracy, and violation of equal protection; **Count VI:** tortious interference with court access, misfeasance, malfeasance and non-feasance, infliction of emotional distress, denial of the warrant of hability,[1] violation of the Eighth Amendment, and failure to train and supervise; **Count VII:** violation of the Fourth and Eighth Amendments, violation of equal protection, retaliation, breach of statutory duty,

---

[1] Presumably, Rodland meant habitability.

punitive damages, breach of bailor/bailee relationship, conversion and breach of implied contract; **Count VIII**: breach of fiduciary duty, misfeasance, malfeasance and nonfeasance, and failure to train and supervise; **Count IX**: tortious interference with physical exercise and court access, violation of equal protection and Eighth Amendment and misfeasance, malfeasance and non-feasance of office; **Count X**: failure to train and supervise, negligent hiring practices and misfeasance, malfeasance and non-feasance of office; **Count XI**: violation of equal protection, denial of court access, governmental obstruction and intentional infliction of emotional distress; and **Count XII**: breach of contract, breach of contract to third-party beneficiary, misfeasance, malfeasance and nonfeasance of office and breach of statutory duty. Accordingly, he sought a judgment in his favor against all of the defendants, jointly and severally, for exemplary damages in excess of $25,000, incidental and consequential damages in excess of $25,000, and punitive damages, fees, costs and attorney's fees in excess of $25,000.

In December 2014, Defendants filed preliminary objections seeking dismissal of the complaint. In March 2015, common pleas sustained Defendants' preliminary objections and dismissed the complaint, with prejudice. It concluded, *inter alia*, that the doctrine of *res judicata* and/or claim preclusion bars Rodland's current litigation and that he failed to exhaust available administrative remedies as required by Section 1997e(a) of the Prison Litigation Reform Act (federal PLRA), 42 U.S.C. § 1997e(a), and Section 6603 of the Prison Litigation Reform Act (state PLRA), 42 Pa. C.S. § 6603. Rodland's appeal to this Court followed.[2] Although Rodland posed eight issues on appeal, the dispositive issues concern the

---

[2] Our review of an order of common pleas sustaining preliminary objections in the nature of a demurrer is plenary. *Langella v. Cercone*, 34 A.3d 835, 838 (Pa. Super. 2011).

3

applicability of the doctrine of *res judicata* and/or claim preclusion and the failure to exhaust administrative remedies.

Regarding the applicability of the doctrine of *res judicata* and/or claim preclusion,[3] Rodland argues that common pleas erred in determining that his 2012 litigation bars the present action because the two matters are substantially different and he added other defendants to the instant complaint.[4]  Rodland's

---

[3] Rodland maintains that Defendants should have raised the issue of *res judicata* and/or claim preclusion as an affirmative defense in new matter.  Where, as here, the litigation had not progressed to that procedural point and it is clear that delaying a ruling would serve no purpose, common pleas did not err in considering the issue.  *See Faust v. Dep't of Revenue*, 592 A.2d 835, 838 n.3 (Pa. Cmwlth. 1991) (holding that sovereign immunity may be raised in preliminary objections in the nature of a demurrer when it is clear that delaying a ruling would serve no purpose).

[4] This Court provided a detailed description of *res judicata* in *J.S. v. Bethlehem Area School District*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002), wherein we stated as follows:

> Res judicata encompasses two related, yet distinct principles: technical res judicata and collateral estoppel.  Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded.  Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment.
>
> Technical res judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued.  Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated.  Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings.
>
> Similarly, collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity

**(Footnote continued on next page…)**

4

position is without merit. As we explain more fully below, adding other defendants in privity with prison administrator Prebish and changing causes of action did not afford Rodland a second bite of the apple.

Mindful that the 2012 case was dismissed with prejudice in December 2012,[5] common pleas noted that Rodland in the present action alleged the same tort claims, inadequate prison conditions and disciplinary incident. In addition, he once again sued prison administrator Prebish, who is in privity with the other defendants. *See C.D.G., Inc. v. Workers' Comp. Appeal Bd. (McAllister)*, 702 A.2d 873, 875 (Pa. Cmwlth. 1997) (privity requirement satisfied where there was a mutuality of interests). Accordingly, notwithstanding the fact that the first complaint sounded in mandamus and the second involved additional defendants

---

**(continued…)**

> with a party to the prior action, and (4), the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Id.* at 939 (citations omitted).

[5] Rodland additionally argues that *res judicata* does not apply because common pleas dismissed his 2012 litigation for mootness. In support, he cites the 2012 defendants' December 2012 "Motion to Grant Preliminary Objections or in the alternative Motion to Dismiss Plaintiff's Amended Complaint," Certified Record (C.R.), Item No. 9, Ex. 4, and common pleas' December 27, 2012 order dismissing his 2012 complaint based on that motion, Reproduced Record (R.R.) at 147a. While it is true that averment seven of that motion provides that the allegations of Rodland's amended complaint are moot, averment nine provides that counsel for the Department of Corrections approved and concurred in the motion "in order to have the entire litigation dismissed with prejudice." C.R., Item No. 9, Ex. 4 at 2. To that end, counsel in the "wherefore" clause of that motion requested that common pleas dismiss the amended complaint with prejudice, which is what occurred. While it is true that mootness does not suggest that an issue was fully considered and a final judgment entered, "[t]he dismissal of an action with prejudice indicates that … the dispute between the parties has been resolved and the court will not allow either party to commence a new action based on the same claim." *Consolidation Coal Co. v. Dist. 5, United Mine Workers*, 485 A.2d 1118, 1123-24 (Pa. Super. 1984). Accordingly, we reject Rodland's mootness argument.

5

and claims for monetary relief, common pleas did not err in determining that Rodland was barred from bringing the instant action. *See Pucci v. Workers' Comp. Appeal Bd. (Woodville State Hosp.)*, 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998) (stating that issue preclusion "is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated").

Moreover, Rodland also failed to exhaust available administrative remedies. Noting that he attached the "Cambria County Prison Inmate Handbook" and two "Official Inmate Grievance" forms to his complaint, common pleas observed that 1) Rodland failed to aver that he followed proper grievance procedures; 2) the attached forms do not reflect that they were submitted or received as required under the handbook; 3) there is no indication that he filed any appeal regarding those forms; and 4) there is no averment that anyone misled him into waiting to file a grievance.[6] Common pleas concluded, therefore, that Rodland failed to exhaust his administrative remedies as required by the federal and state prison litigation acts.[7]

For all the reasons stated above, we agree that dismissal of Rodland's complaint was warranted and, therefore, affirm.

---

[6] *See e.g. Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002) (in light of security guards' misleading statements to inmate, court excused inmate's failure to exhaust his remedies).

[7] In addition, common pleas relied on Section 1997e(c) of the federal PLRA, 42 U.S.C. § 1997e(c)(2) which provides: "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." *See also* Section 6603(a) and (b) of the state PLRA, 42 Pa. C.S. § 6603(a) and (b) (limitations on remedies for federal claims and under Pennsylvania law).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher M. Rodland, : 
     Appellant : 
            : 
     v. :  No. 605 C.D. 2015
            : 
County of Cambria, et al. : 


**PER CURIAM**         **O R D E R**


   AND NOW, this 3rd day of February, 2016, the order of the Court of Common Pleas of Cambria County is hereby AFFIRMED.