# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of East McKeesport | : | |
| | : | |
| v. | : | No. 488 C.D. 2017 |
| | : | ARGUED: November 13, 2017 |
| Eugene R. Grove and | : | |
| Mary R. Mechelli, | : | |
| Appellants | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                          **FILED: January 3, 2018**


Eugene R. Grove and Mary R. Mechelli (collectively, Appellants) appeal from an order of the Court of Common Pleas of Allegheny County (common pleas) that dismissed their motion to stay demolition of real property located at 900 Josephine Street, East McKeesport, PA, (Subject Property) and barred them from pursuing any further litigation with regard to that property without leave of court. Further, common pleas ordered as follows regarding the possibility of new ownership of the Subject Property:

> However, if the property does indeed sell on April 20, 2017, or before, I will hear a motion to stay from any new buyer. But the motion of plaintiffs to stay is denied due to their history of inaction. Demolition may occur on May 1, 2017 or thereafter and will be stayed only if property is conveyed to a new buyer who can demonstrate a current ability to abate the nuisance.

March 15, 2017, Order of Common Pleas.

The pertinent facts are as follows. After the Subject Property fell into a state of disrepair, the Borough of East McKeesport (Borough) in August 2014 declared it a nuisance and placed it on the Borough's demolition list. Appellants, acting *pro se*, filed a statutory appeal in September 2014. Subsequently, the Borough filed its certified record of the demolition proceedings and writ of certiorari. After rescheduling conferences several times, common pleas met with the parties in January 2015 at which time Appellants sought more time to raise funds for needed repairs or to locate a *bona fide* buyer for the property. After conducting several hearings, however, it became apparent to the court that Appellants had been unable to make any meaningful repairs or to sell the property. Accordingly, after reviewing both the record made below and the additional testimony from the hearings, common pleas dismissed Appellants' appeal in April 2015, based on its determination that there was substantial evidence in the record that the property was a nuisance and should be razed to protect the health and welfare of the citizens.

In October 2015, Appellants appealed to this Court. We dismissed their appeal in April 2016, citing their failure to file a proper brief. *Grove v. Borough of East McKeesport*, (Pa. Cmwlth., No. 1825 C.D. 2015, filed April 28, 2016). After denying their application for reconsideration, we remitted the record to common pleas in August 2016. No appeal was taken from our disposition, and common pleas' order became final.

In August 2016, Appellants, once again acting *pro se*, filed the motion to stay demolition presently at issue at the same common pleas docket number as the statutory appeal. In response, the Borough filed a motion to dismiss, asserting, *inter*

2

*alia*, that Appellants were "clouding the record."[1]  In March 2017, common pleas held a hearing at which time Appellants, still proceeding *pro se*, represented that they had a buyer and requested a stay of the demolition in light of a real estate closing scheduled for April 2017.  Common pleas dismissed their motion to stay demolition in March 2017, but added the additional language regarding the right of a buyer to file a subsequent motion requesting a stay.  In the absence of such a motion, common pleas in its subsequent June 2017 opinion reaffirmed its April 2015 dismissal of the statutory appeal.  Appellants' *pro se* appeal to this Court followed in April 2017.  In August 2017, counsel entered an appearance on behalf of Appellants.

On appeal, we consider whether Appellants should be barred from bringing the present action.  This Court has described *res judicata* as follows:

> Res judicata encompasses two related . . . principles: technical res judicata and collateral estoppel. *Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded.* Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment.
>
> Technical res judicata requires . . . four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued.  Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings.
>
> Similarly, collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is

---

[1] According to the Borough, it filed a motion to dismiss Appellants' motion to stay demolition "as a way of removing the cloud on the title that appeared when it was discovered that [they] had filed [their motion]."  Borough's Brief at 8.

3

identical to one presented in a later action, (2) *the prior action resulted in a final judgment on the merits*, (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action, and (4), the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. [(citations omitted) (emphasis added).]

*J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002).

In the instant appeal, Appellants averred that the property should not be demolished because it did not meet the criteria for a dangerous structure and did not constitute a nuisance. August 11, 2016, Appeal; Reproduced Record (R.R.) at 2a. In their statutory appeal, which this Court dismissed in April 2016, they similarly challenged the Borough's determination that their property constituted a public nuisance and should be demolished. *See* October 5, 2015, Notice of Appeal filed in *Grove v. Borough of East McKeesport*, (Pa. Cmwlth., No. 1825 C.D. 2015). Accordingly, Appellants are precluded from pursuing the present litigation.[2]

Nonetheless, Appellants contend that common pleas lacked authority under Pa. R.C.P. No. 233.1 to enter an order dismissing their motion to stay demolition when that motion did not constitute commencement of a new action within the meaning of the Pennsylvania Rules of Civil Procedure. Rule 233.1 pertains to motions to dismiss frivolous litigation filed by *pro se* plaintiffs.[3] Accordingly, asserting that Rule 233.1 is inapplicable, Appellants maintain that this

---

[2] Given the fact that Appellants were permitted to file their second action at the same common pleas docket number as the first, the doctrine of law of the case, arguably, could apply rather than *res judicata*. We do not need to address that issue, however, given the fact that it is clear that Appellants are foreclosed from pursuing the present litigation under either theory.

[3] Mindful that disciplinary rules apply to an attorney who has abused the legal system by repeatedly filing new litigation raising the same claims against the same defendant, despite the adjudication of such claims, Rule 233.1 was adopted in 2010 to curb this type of abuse when done by a *pro se* party. Civil Procedural Committee Explanatory Comment to Rule 233.1.

Court should vacate the order dismissing their motion to stay demolition and barring them from filing similar requests in the future without leave of court. Appellants' position is without merit.

In relevant part, Rule 233.1 provides:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>
> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> . . . .
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

By way of analysis, regardless of what Appellants called their new litigation and what docket number under which they filed it, both appeals involved claims that were already addressed and resolved in favor of the Borough. This is true regardless of the fact that they were permitted to file a motion at a docket number that should have been marked closed or discontinued. In any event, the content of the filing rules, not the name given to it.

Accordingly, we affirm the order dismissing Appellants' motion to stay demolition and barring them from pursuing litigation regarding the Subject Property absent leave of court. The court's directive permitting a new owner to file a motion

5

to stay demolition is moot given the passage of both triggering dates: April 20, 2017, and May 1, 2017.[4]

 

BONNIE BRIGANCE LEADBETTER,
Senior Judge

---

[4] To the extent that common pleas exceeded its jurisdiction in entertaining Appellants' motion to stay demolition after the prior order had become final, we nonetheless affirm in light of the fact that the result would not change. Appellants are barred from pursuing further litigation regarding a property that remains an adjudicated nuisance and danger to the community approximately three years after it was first condemned.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of East McKeesport    :
    :
        v.          :   No. 488 C.D. 2017
    :
Eugene R. Grove and    :
Mary R. Mechelli,    :
          Appellants    :

# **O R D E R**

AND NOW, this 3rd day of January, 2018, the order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge