IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ruben M. Collazo, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 13 M.D. 2020 |
| | : | Submitted: August 28, 2020 |
| Pennsylvania Gaming Control Board, | : | |
| Respondent | : | |

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
         HONORABLE PATRICIA A. McCULLOUGH, Judge
         HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: December 29, 2020

Before this Court is an application for summary relief in the nature of a request for judgment on the pleadings filed by the Pennsylvania Gaming Control Board (Gaming Board). Ruben M. Collazo[1] has filed a petition for review addressed to this Court's original jurisdiction that challenges the Gaming Board's interpretation of Sections 1514[2] and 1515[3] of the Pennsylvania Race Horse Development and Gaming Act (Gaming Act), 4 Pa. C.S. §§1514, 1515. The Gaming Board asserts that the petition for review is barred by the doctrines of *res judicata* and collateral estoppel.

---

[1] On January 6, 2020, the Court issued an order directing that this matter, which began as an appeal from a determination of the Office of Open Records, be treated as a petition for review addressed to this Court's original jurisdiction.

[2] Section 1514 grants the Gaming Board the authority to promulgate regulations for the establishment of a list of persons excluded from gaming by the Commonwealth. 4 Pa. C.S. §1514.

[3] Section 1515 establishes a licensed gaming entity's ability to exclude persons from its facility. 4 Pa. C.S. §1515.

The petition for review explains that pursuant to the Right-to-Know Law,[4] Collazo requested the Gaming Board to provide information on "the number of investigations conducted [] pursuant to Section 1514(c)" of the Gaming Act. Petition at 1, ¶2, Attachment 1. The Gaming Board denied his request on the basis that the request did not request records but, rather, research. Collazo appealed the Gaming Board's denial to the Office of Open Records, which ordered the Gaming Board to "conduct a good faith search and provide all records responsive to the [r]equest within [30] days." *Id.*

On October 21, 2019, the Gaming Board advised Collazo that it had no records responsive to his request. It explained as follows:

> Section 1514 of the Gaming Act pertains solely to *the Board's* statewide Involuntary Exclusion List, and *the Board's* power and authority to exclude persons from *all casinos* in the Commonwealth of Pennsylvania if *the Board* determines that the persons [sic] presence in a casino would be inimical to the interest of the Commonwealth or of licensed gaming therein. Paragraph (c) of that section mandates that *the Board* cannot use a person's race, color, creed, national origin, ancestry or sex as a basis for placing a person on *the Board's* statewide Involuntary Exclusion List.
>
> [Y]our request asking for "the number of investigations conducted pursuant to section 1514(c)" is, in fact, asking for the number of investigations that the Board has conducted *on itself* for putting someone on the Board's statewide Involuntary Exclusion List for one of the listed discriminatory reasons. No such investigation has occurred….
>
> Additionally, it is worth noting that Section 1514 operates *totally independent* of Section 1515 of the Gaming Act. [The Board understands] that you have been barred from entering the Mt.

---

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

2

Airy Casino. This was done by Mt[.] Airy pursuant to Section 1515, not Section 1514, of the Gaming Act. As a result, the language found at Section 1514(c) is not applicable.

Petition at 1, ¶3, Attachment 2 (emphasis in original). Collazo's petition for review seeks a declaration that the "licensee exclusions pursuant to 4 Pa. C.S. §1515 are subject to [the Gaming Board's] statutory review pursuant [to Section] 1514(e)[5] and Gaming Board Regulation [Section] 511a.3(d)."[6] Petition at 2, ¶5.

The Gaming Board filed an answer and new matter that asserts the defenses of collateral estoppel and *res judicata*. The Gaming Board asserts that Collazo has previously challenged its interpretation and application of Sections 1514 and 1515 of the Gaming Act before the Pennsylvania Magisterial District Court 43-4-2; the Court of Common Pleas of Monroe County; the Commonwealth Court of Pennsylvania; the Superior Court of Pennsylvania; the United States District Court for the Middle District of Pennsylvania; and the United States Court of Appeals for the Third Circuit. Asserting the doctrines of collateral estoppel and *res judicata*, the

---

[5] This Section states:

> Any list compiled by the board of persons to be excluded, ejected or denied access shall not be deemed an all-inclusive list, and a licensed gaming entity shall have a duty to keep from the licensed facility and from interactive gaming persons known to it to be within the classifications declared in this section and the regulations promulgated under this section whose presence in a licensed facility or whose participation in interactive gaming would be inimical to the interest of the Commonwealth or of licensed gaming therein, or both, as defined in standards established by the board.

4 Pa. C.S. §1514(e).

[6] This Section provides that:

> A person's race, color, creed, national origin or ancestry, or sex will not be a reason for placing the name of a person upon the exclusion list.

58 Pa. Code §511a.3(d).

Gaming Board has filed an application for summary relief in the nature of a motion for judgment on the pleadings.[7]

"Res judicata encompasses two related, yet distinct principles: technical res judicata and collateral estoppel." *J.S. v. Bethlehem Area School District,* 794 A.2d 936, 939 (Pa. Cmwlth. 2002). Technical *res judicata*, or claim preclusion, bars a claim where there has been a final judgment on the merits of that claim, or issue, in a prior action. *Id.* Collateral estoppel acts to "foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment." *Id.*

To apply technical *res judicata*, there must be identity of (1) the things sued upon or for, (2) the causes of action, (3) the parties to the action, and (4) the capacity of the parties in each matter. *Id. Res judicata* applies to claims that were actually litigated as well as those that "should have been litigated" in the prior action. *Id.*

On the other hand, the doctrine of collateral estoppel bars an action where there was a prior action in which (1) the same issues were litigated; (2) those issues were necessary to a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party in the prior action; and (4) that party had a full and fair opportunity to litigate the issue in

---

[7] "A motion for judgment on the pleadings is in the nature of a demurrer; all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him." *Trib Total Media, Inc. v. Highlands School District*, 3 A.3d 695, 698 n.2 (Pa. Cmwlth. 2010) (citation omitted). In reviewing a motion for judgment on the pleadings, this Court "may only consider the pleadings themselves and any documents properly attached thereto." *Id.* The motion should only be granted "when the pleadings show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* Where material issues of fact are in dispute, judgment on the pleadings cannot be entered. *Tate v. Pennsylvania Board of Probation and Parole*, 396 A.2d 482, 483 (Pa. Cmwlth. 1979).

4

question.  *Robinson v. Fye*, 192 A.3d 1225, 1232 (Pa. Cmwlth. 2018) (quotations and citations omitted).  Collateral estoppel protects litigants from having to relitigate the same issue with the same party and thus, promotes "judicial economy through preventing needless litigation."  *Id.* (quoting *McNeil v. Owens-Corning Fiberglass Corporation*, 680 A.2d 1145, 1148 (Pa. 1996)).

With those principles in mind, we turn to the pleadings.  There is no dispute that there is no genuine issue as to any material fact, which is a prerequisite for a judgment on the pleadings.  *Trib Total Media,* 3 A.3d at 698 n.2.  Notably, Collazo does not contend in his brief that the elements of technical *res judicata* are not met or that any other element of collateral estoppel is lacking.  Rather, his brief offers only the conclusory statement that the Gaming Board's arguments lack merit.

Collazo's petition seeks a ruling that a licensed casino that excludes an individual from its gaming facility under Section 1515 of the Gaming Act must comply with Section 1514 of the Gaming Act.  Specifically, he believes it is incumbent upon the Gaming Board to review the licensed casino's list of excluded patrons to ensure that the casino's list is not based on the patron's race, color, creed, national origin or ancestry, or sex, none of which can be a reason "for placing the name of a person upon the exclusion list."  58 Pa. Code §511a.3(d).  Stated otherwise, Collazo contends that a licensed casino may not exclude a patron from its facility without the prior review and approval of the Gaming Board.

In *Collazo v. Mount Airy #1, LLC* (Pa. Cmwlth., No. 175 C.D. 2015, filed September 10, 2015), *appeal denied*, 131 A.3d 493 (Pa. 2016) (unreported),[8] Collazo filed a declaratory judgment against the Mount Airy casino for improperly

---

[8] Under this Court's internal operating procedures, "[a]n unreported opinion of this Court may be cited and relied upon when it is relevant under the doctrine of the law of the case, res judicata or collateral estoppel."  210 Pa. Code §69.414(a).

excluding him from its facility. Collazo argued that the casino, as a licensee, could not exercise common law rights as a property owner to decide whether to exclude a person from its premises because Section 1514 of the Gaming Act limited its authority to exclude patrons. The trial court dismissed Collazo's action for failing to state a cognizable legal claim, explaining, in relevant part:

> Collazo's allegations as to [the casino's] non-compliance with Section 1514 of the Gaming Act (relating to *Board* placement of a patron on an excluded patron list) do not apply to a claim regarding proper construction of Section 1515 of the Gaming Act[] (relating to *licensees'* rights to exclude patrons). Notably, Collazo did not contend the Board placed him on a list resulting in his exclusion from all casinos. As a result, Collazo had no right to due process and the notice provided prior to placement on the excluded patron list as set forth in Section 1514.

*Collazo*, slip op. at 4-5 (emphasis in original).

On appeal, this Court explained that Section 1515 of the Gaming Act "preserves the common law rights of property owners[,]" *i.e.*, casino licensees, by allowing them to "exercise their common law rights to exclude persons from their licensed facilities." *Collazo*, slip op. at 8. By contrast, Section 1514 of the Gaming Act applies where the Gaming Board seeks to exclude certain persons from licensed casinos as a matter of public interest. In other words, Section 1514 has no bearing on a casino's right to exclude patrons under Section 1515. "[T]he only limitations Section 1515 recognizes as to [a casino's] discretion to exclude patrons … are those based in the common law." *Collazo*, slip op. at 12-13. We affirmed the trial court's holding that "Section 1514 does not limit the rights of licensees[]" to exclude persons from their facilities. *Collazo*, slip op. at 10.

In May of 2016, Collazo commenced a federal civil rights action against 11 private parties, including the Mount Airy casino, in the United States

6

District Court for the Middle District of Pennsylvania, challenging his exclusion from the Mount Airy casino. *Collazo v. Mount Airy No. 1, LLC*, 723 F. App'x 147 (3d Cir. 2018). The matter was referred to a Magistrate Judge who recommended that the complaint be dismissed for failure to state a claim, in part, because "Collazo's challenges to the Gaming Act were precluded under the doctrines of res judicata and collateral estoppel." *Id.* at 150. The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaint.

On appeal, the United States Court of Appeals for the Third Circuit agreed that Collazo's complaint failed to state a claim on which relief could be granted. The Circuit Court concluded that Collazo's constitutional and statutory challenges to the casino's decision to exclude him under Section 1515 of the Gaming Act were barred by the doctrine of *res judicata* because this Court had addressed the issue in *Collazo v. Mount Airy #1, LLC*. Collazo lacked standing to challenge the Gaming Board's enforcement of Section 1514 of the Gaming Act because he had not been excluded from the casino under Section 1514.

The doctrine of collateral estoppel bars litigation over an issue where there has been a prior suit in which (1) the issue has been decided, (2) that issue was necessary to a judgment on the merits, (3) the party against whom collateral estoppel is invoked was a party to the prior suit, and (4) that party had a full and fair opportunity to litigate the issue in question. *Robinson*, 192 A.3d at 1232. All criteria are satisfied here.

In the prior state and federal litigation, Collazo was a party and asserted that a licensed casino cannot exclude an individual from its premises without the review and approval of the Gaming Board under Section 1514 of the Gaming Act. Here, Collazo is again a party and asserts this same claim, albeit against the Gaming

Board, not against casinos, as in the prior actions. However, the issue is the same, *i.e.*, whether a casino's exclusion of certain persons from its facility requires the prior review and approval of the Gaming Board under Section 1514 of the Gaming Act. Collazo has had full and fair opportunities to litigate that question, and he cannot relitigate this issue again before this Court in this proceeding.[9]

We hold that Collazo is collaterally estopped from relitigating the question of whether a gaming casino can bar an individual from its facility under Section 1515 of the Gaming Act without approval of the Gaming Board under Section 1514 of the Gaming Act. Accordingly, we grant the Gaming Board's application for summary relief and dismiss Collazo's petition for review.

_____
MARY HANNAH LEAVITT, President Judge

Judge Crompton did not participate in the decision in this case.

---

[9] Because collateral estoppel bars Collazo's claim, we need not address the applicability of the doctrine of *res judicata*.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben M. Collazo,    :
                    Petitioner    :
                                 :
        v.                        :    No. 13 M.D. 2020
                                 :
Pennsylvania Gaming Control Board,    :
                    Respondent    :

# **O R D E R**

AND NOW, this 29th day of December, 2020, the Application for Summary Relief filed by the Pennsylvania Gaming Control Board is GRANTED, and the Petition for Review filed by Ruben M. Collazo is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge