M.D. Appeal Dkt.
2 - 2021

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| J.S., A MINOR BY HIS PARENTS, M.S. AND D.S., | : | No. 312 MAL 2020 |
| | : | |
| | : | |
| Respondents | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| v. | : | |
| | : | |
| | : | |
| MANHEIM TOWNSHIP SCHOOL DISTRICT, | : | |
| | : | |
| | : | |
| Petitioner | : | |

**ORDER**

**PER CURIAM**

**AND NOW**, this 20th day of January, 2021, the Petition for Allowance of Appeal is

**GRANTED**. The issues, as stated by Petitioner, are:

(1) Whether, after concluding the *Knox* "true-threat" framework and "contextual subjective analysis" was required, the Commonwealth Court erred in concluding the longstanding Pennsylvania Department of Education procedures for student disciplinary procedures, which codify *Goss v. Lopez*, 419 U.S. 565 (Pa. 1975) in the Pennsylvania Administrative Code, violate the Constitutional due process rights of an accused student because the Public School Code does not empower school districts to issue subpoenas to compel witnesses, including student victims, to testify subject to cross-examination, and a school district cannot otherwise perform the required "contextual subjective analysis" required by the *Knox* "true threat" framework absent evidence of the victims' or listeners' understanding of the speech.

(2) Whether the Commonwealth Court erred by misapplying *Commonwealth v. Knox*, 190 A.3d 1146 (Pa. 2018) to modify the substantial disruption test provided by *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969) and used in *J.S. v. Bethlehem Area School District*,

794 A.2d 936 (Pa. 2002) as part of the First Amendment analytical framework applicable to public school student discipline proceedings where the speech at issue involved a threatened school shooting and caused a substantial disruption including distress and alarm to students, a district-wide response, and police involvement, but was made from a private electronic device, at home, and outside of school hours by adopting the "true threat" framework and requiring the school to conduct the "contextual subjective analysis" necessary to criminally prosecute speech under *Knox*.