**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-3412

JOAN M. CICCHIELLO,

Appellant

v.

*SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; ROBERT D.
SHANNON, Superintendent, SCI Frackville; THOMAS KOWALSKY, Personnel
Director, SCI Frackville; MARIROSA LAMAS, Deputy Superintendent, SCI Frackville;
MICHAEL WENEROWICZ, Deputy Superintendent, SCI Frackville; DONNA JONES,
Correctional Health Care Administrator, SCI Frackville

*(Pursuant to Rule 43(c), Fed. R. App. P.)

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3:07-cv-02338)
District Judge:  Honorable James M. Munley

Submitted under Third Circuit LAR 34.1
on March 18, 2011

Before:  BARRY, CHAGARES and ROTH, Circuit Judges

(Opinion filed: January 20, 2012)

**ROTH**, <u>Circuit Judge</u>:

Joan M. Cicchiello appeals the District Court's order granting defendants' motion for summary judgment on Cicchiello's 42 U.S.C. § 1983 claim, which alleged that her termination by defendants violated her First and Fourteenth Amendment rights and that she was wrongfully terminated in violation of public policy.[1] For the reasons that follow, we will affirm the judgment of the District Court.

## I.  **Factual Background**

Because we write primarily for the parties, we will only briefly discuss the facts here. This action arises from Cicchiello's termination from her position as a registered nurse at the State Correctional Institution at Frackville, Pennsylvania (SCI-Frackville). As a registered nurse, Cicchiello dispensed medications to inmates. Cicchiello believed that, as part of her licensing requirements, she was responsible for reporting nursing violations to her employer, the DOC. On May 19, 2006, Cicchiello reported at a labor/management meeting that nurses at SCI-Frackville were violating DOC policy and

---

[1] All defendants are current or retired employees of the Pennsylvania Department of Corrections (DOC). Defendants include Jeffrey A. Beard, Secretary of the DOC; Robert D. Shannon, Superintendent of SCI-Frackville until his retirement in September 2009; Thomas Kowalsky, Personnel Director of SCI-Frackville; Marirosa Lamas, Deputy Superintendent for Centralized Services of SCI-Frackville from August 2005 to September 2006; Michael Wenerowicz, former Deputy Superintendent for Centralized Services and current Superintendent of CSI-Frackville; and Donna Jones, Nursing Supervisor and appellant's immediate supervisor during the time period prior to appellant's termination.

nurse licensing requirements by dispensing expired medications. Cicchiello's report was confirmed by two named defendants and the DOC instituted a new policy to prevent repeat violations.

On October 27, 2006, the prison investigated Cicchiello regarding violations of the new DOC policy. On October 29 and 30, Cicchiello filed separate complaints against Tracy Frantz, one alleging that Frantz repackaged medications without a pharmacology license in violation of DOC policy and nurse licensing requirements, and the other alleging that Frantz attended work "booze sick." Cicchiello, herself, was the subject of numerous complaints. On November 1, 2006, Eileen Motuk reported inappropriate comments made by Cicchiello. According to Motuk, Cicchiello stated that nurse practitioner Pavlock "is part of this and someday [Pavlock will] be paying [Cicchiello] rent for her house because she'll lose it," presumably referring to Cicchiello's intention to retaliate against Pavlock. Motuk also reported that Cicchiello made a threatening remark when she stated that "her boss [at a former job] had an aneurysm and died from all the stress [Cicchiello] put her through." On November 2, 2006, defendants Jones and Wenerowicz told Cicchiello that some of her inappropriate comments were causing a hostile work environment in the Medical area. Defendant Wenerowicz informed Cicchiello that if her behavior continued, she would be held accountable for her actions. According to Wenerowicz, Cicchiello stated that she understood her job description/duties and would not go outside her assigned duties and that "she would not make anymore inappropriate comments to staff."

On November 7, 2006, Cicchiello was notified that she was suspended pending a

3

fact-finding investigation into "the staff complaints and the ongoing investigation into dispensing medication without a valid order." Cicchiello, however, contends that her suspension was in retaliation for her complaints about Frantz. A Pre-Disciplinary Conference (PDC) was held on December 11, 2006, and the PDC determined that Cicchiello was guilty of the two charges. The PDC also concluded that Cicchiello had violated three sections of the DOC 13.2.1 Access to Health Care Procedures Manual. The PDC results were reported to defendant Shannon the next day. Once Shannon had received approval from the Labor Relations division of the DOC's central office, Shannon terminated Cicchiello.

## II. **Jurisdiction and Standard of Review**

The District Court had subject-matter jurisdiction over Cicchiello's constitutional claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's order granting summary judgment and apply the same standard that the district court applied. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 770 (3d Cir. 2009) (citing Fed. R. Civ. P. 56(c)). This determination is made by viewing the "facts in the light most favorable to the nonmoving party and draw[ing] all inferences in that party's favor." *Farrell*, 206 F.3d at 278.

4

## III. **Discussion**[2]

Defendants' assertion of qualified immunity dictates our analysis of Cicchiello's First Amendment retaliation claim. We conclude that because defendants did not violate a constitutional right, they are entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223,231-32 (2009).

To sustain a First Amendment retaliation claim, a plaintiff must demonstrate that the activity engaged in was constitutionally protected and that the protected activity "was a substantial factor in the alleged retaliatory action." *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009). If plaintiff makes these demonstrations, the defendant may defend against such a claim by demonstrating that termination would have occurred in the absence of the protected conduct. *Id.* at 188.

The District Court correctly held that Cicchiello's First Amendment claim fails as a matter of law because the speech at issue is not a protected activity. In *Garcetti v. Ceballos*, 547 U.S. 410 (2006), the Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421. Like the employee in *Garcetti*, Cicchiello did not act as a citizen – but rather, as an employee – when she reported that nurses were dispensing expired drugs, were intoxicated at work, and were repackaging medications without physician approval. These comments were made to her employer

---

[2] Cicchiello does not appeal the District Court's dismissal of her Fourteenth Amendment and state-law wrongful termination claims.

about fellow employees and were not statements of public concern. She also was not speaking as a citizen when she threatened fellow employees. Because such speech is not the type of speech activity protected by the First Amendment, the District Court correctly held that Cicchiello's First Amendment retaliation claim must fail.

## IV. <u>Conclusion</u>

For the reasons set forth above, we will affirm the judgment of the District Court.