# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Joan M. Cicchiello, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | |
| : | |
| SEIU 1199P Union Service Employees : | No. 361 M.D. 2015 |
| International Union Kim Patterson : | |
| SEIU 1199 Secretary Treasurer : | Submitted: December 24, 2015 |
| Wilfredo Tellado MRC Director John : | |
| E Wetzel Secretary of Pennsylvania : | |
| Department of Corrections Ty Stanton, : | |
| Director Human Resources Michael : | |
| Wenerowicz, Acting Deputy Secretary : | |
| E. Region Former Deputy : | |
| Superintendent (SCI Frackville) : | |
| Raphael Chieke, Equal Employment : | |
| for the Department of Corrections : | |
| Timothy A. Holmes, Assistant Council : | |
| for the Commonwealth, : | |
| Commonwealth of Pennsylvania : | |
| Department of Corrections Brenda : | |
| Tritt Deputy Superintendent State : | |
| Correctional Institute at Frackville, : | |
| : | |
| Respondents : | |

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                        **FILED:  April 26, 2016**


Before this Court in our original jurisdiction are the twelve preliminary objections (POs) of the Pennsylvania Department of Corrections (Department), John E. Wetzel, Ty Stanton, Michael Wenerowicz, Raphael Chieke, Brenda Tritt,

and Timothy A. Holmes[1] (Respondents) to the Second Amended Complaint[2] filed by Joan M. Cicchiello, representing herself. Service Employee International Union (SEIU) 1199P, Kim Patterson, SEIU's treasurer, and Wilfredo Tellado, SEIU's MRC Director (Union Respondents) have not yet responded to Cicchiello's Second Amended Complaint. Also before the Court is Cicchiello's Motion for Summary Judgment against Union Respondents, as well as a variety of other motions Cicchiello has filed against both sets of respondents.

Cicchiello was discharged from her position as a registered nurse at the State Correctional Institution at Frackville (SCI-Frackville) in January 2007 for a variety of reasons. She had SEIU, her union, file a grievance on her behalf, and the grievance process took from 2006 until 2012. The Department and SEIU executed a Settlement Agreement to resolve the grievance in October 2012; but, concerned that Cicchiello might engage in litigation, it was determined that Cicchiello should

---

[1] Respondent Wetzel is Secretary of the Department, and Respondents Stanton, Wenerowicz, Chieke, and Tritt are various officials or employees of the Department and/or the State Correctional Institution at Frackville (SCI-Frackville). Respondent Holmes is Assistant Counsel for the Department. Holmes is represented by separate counsel and filed separate POs from the remaining Respondents; however, the POs of all Respondents are almost identical.

[2] Cicchiello filed an initial complaint on July 16, 2015, to which Respondents filed POs. Cicchiello filed an amended complaint on August 24, 2015, and the initial complaint and corresponding POs were stricken by Order dated August 25, 2015. Respondents filed POs to the August 2015 amended complaint, and Cicchiello filed the Second Amended Complaint (erroneously labeled "First Amended Complaint") on September 9, 2015. The August 2015 amended complaint and corresponding POs were stricken by Order dated September 17, 2015. Respondents filed POs to the Second Amended Complaint, and it is these POs that this Court is reviewing. Cicchiello filed a Third Amended Complaint on February 8, 2016; however, this Court struck that complaint, as well as one set of responsive POs, as being unauthorized by Order dated March 11, 2016. The March 11, 2016 Order also stayed the numerous motions Cicchiello had filed with the Court pending the disposition of these POs.

also execute the Settlement Agreement which was done in December 2012.[3] (Compl. ¶¶ 7-9.) The December 2012 Settlement Agreement provided, in relevant part, that "[t]he Department will award Ms. Cicchiello whatever time was necessary for her to attain twenty-five years of service with the Commonwealth." (Agreement ¶ 2, Ex. B to Second Amended Complaint.) It appears that this provision was included in an effort to allow Cicchiello to receive medical benefits upon her retirement. (Email from Holmes to Tellado (February 4, 2013), (Email), Ex. C to Second Amended Complaint.) Thereafter, on February 4, 2013, Holmes emailed Tellado of SEIU advising him that the Department could not comply with the above provision because it was contrary to various express provisions of the State Employees' Retirement Code (Retirement Code), specifically 71 Pa. C.S. §§ 5102, 5302, 5955.[4] However, the Email noted that, in drafting this provision, the parties mistakenly believed that Cicchiello needed 25 years to receive full health insurance in her retirement but she only needed 15 years. Therefore, the Department offered to hire Cicchiello back for 1 day, give her 1 year of salary/service, subject to taxes and retirement contributions, which would give her the 15 years of service she needed to be eligible for health insurance in retirement. (Email; February 2015 Settlement Agreement ¶¶ 2-4, Ex. F to Second Amended

---

[3] In her brief in opposition to the POs, Cicchiello acknowledges that the October 2012 and December 2012 Settlement Agreements "contained the exact same language." (Cicchiello's Br. at 7.) Thus, we will refer to the Settlement Agreement that she wishes to be enforced as the December 2012 Settlement Agreement.

[4] The copy of the Email attached to the Second Amended Complaint is of poor quality and appears to have the top part of the Email cut off. Cicchiello has included, as an attachment to her brief to this Court in opposition to the POs, the full version of the Email which is of better quality. (Full Version of Email, Cicchiello's Br., Ex. C.) The full version of the Email indicates that Tellado forwarded Holmes' Email to Cicchiello on February 5, 2013. (Full Version of Email, Cicchiello's Br., Ex. C.)

3

Complaint.) SEIU and the Department executed this February 2015 Settlement Agreement, but Cicchiello refused to do so.

Thereafter, Cicchiello filed a breach of contract action against the Department with the Board of Claims, which was rejected for lack of jurisdiction. The Board of Claims' determination was upheld by this Court in Cicchiello v. Department of Corrections (Pa. Cmwlth., No. 83 C.D. 2015, filed August 5, 2015) (Cicchiello I). In June and July of 2015, Cicchiello filed: the present matter in this Court's original jurisdiction; a second complaint in the Court of Common Pleas of Northumberland County (common pleas); and a third complaint in the United States District Court for the Middle District of Pennsylvania (Middle District Court).[5] Each of the complaints is based on the Department's refusal to comply with the December 2012 Settlement Agreement.

In addition to the above-referenced facts, the Complaint avers that: the Department and SEIU did not negotiate in good faith; Cicchiello has not received the benefits promised by the December 2012 Settlement Agreement; the February 2015 Settlement Agreement does not take into consideration the time between 2012 and the present; and the Department continues to discriminate against Cicchiello. (Compl. ¶¶ 13, 18-19, 24.) Cicchiello asserts that, had she continued to work between 2006 and 2015, she would have had twenty-five years of service. (Compl. ¶ 21.) She likewise maintains that the Department and SEIU had the authority to ask for payment for her twenty-five years when it agreed to do so in December 2012. (Compl. ¶ 20.)

---

[5] The common pleas matter is at Docket No. 2015-1307, and the Middle District Court matter is at Civ. Action No. 1:15-CV-01201-JEJ.

4

Cicchiello seeks a variety of relief in this matter, including "traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss." (Compl. Wherefore Clause ¶ b.) She also requests that this Court "[i]ssue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects." (Compl. Wherefore Clause ¶ c.) Cicchiello also asks for punitive damages under 42 U.S.C. § 1983 (Section 1983) and Pennsylvania common law, and a minimum of six million dollars in damages. (Compl. ¶ 30, Wherefore Clause ¶¶ e, f.)

The Second Amended Complaint contains three counts, and Respondents have filed various POs to each count, as well as POs to the Second Amended Complaint in general. We will address each count separately and the corresponding POs as necessary. In reviewing POs, we apply the following standard: "we must consider as true all well-pleaded material facts set forth in the petition for review and all reasonable inferences that may be drawn from those facts." Meggett v. Pennsylvania Department of Corrections, 856 A.2d 277, 279 (Pa. Cmwlth. 2004). "Preliminary objections should be sustained only in cases [in which it is] clear and free from doubt that the facts pleaded by appellant are legally insufficient to establish a right to relief." Werner v. Zazyczny, 681 A.2d 1331, 1335 (Pa. 1996).

**A. Count I**

Count I is brought pursuant to Section 1983[6] and asserts:

---

[6] Section 1983 provides:

*(Continued…)*

5

32. The Defendants acted in concert with each other under color of law to violate the rights of Plaintiff by depriving her of her constitutionally protected right to free speech, and other rights as guaranteed by the [F]irst and Fourteenth Amendments to the United States Constitution, in that Plaintiff was subjected to discipline and termination, all in violation of her rights under the First and Fourteenth Amendments and all other Amendments.

(Compl. ¶ 32.) Cicchiello avers that, as a result of these actions, she sustained a variety of damages, including a loss of her reputation, income, enjoyment of retirement and health care benefits, as well as "[p]hysical and mental pain and suffering and anguish." (Compl. ¶ 33.)

Respondents set forth multiple POs to Count I in the nature of a demurrer asserting that Cicchiello has not stated a claim upon which relief can be granted, Pa. R.C.P. No. 1028(a)(4),[7] under Section 1983 for a variety of reasons. Respondents aver that Cicchiello's claims, which are premised on the violation of her constitutional rights by her discipline and termination, are barred by res judicata and/or collateral estoppel[8] because she previously sued the Department,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . . For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

[7] Pa. R.C.P. No. 1028(a)(4) states that "[POs] may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer)."

[8] "As a general rule, res judicata is an affirmative defense and should be pleaded as new matter." Philadelphia Fraternal Order of Correctional Officers v. Rendell, 701 A.2d 600, 607 (Pa. Cmwlth. 1997). However, if the opposing party does not challenge "the procedural

*(Continued…)*

6

and others included as respondents here, in the Middle District Court asserting that it retaliated against her, via discipline and termination, for exercising her First and Fourteenth Amendment rights, and lost. (Holmes' PO V ¶¶ 58-60, 63.[9]) Respondents note that the Middle District Court granted summary judgment, which was affirmed by the United States Court of Appeals for the Third Circuit (Third Circuit), and that the United States Supreme Court denied certiorari. (Holmes' PO V ¶ 59 (citing Cicchiello v. Beard, 726 F. Supp. 2d 522 (M.D. Pa. 2010), aff'd, 458 Fed. Appx. 117 (3d Cir.), cert. denied, 133 S. Ct. 162 (2012) (Cicchiello II)). Respondents assert that having had a full and fair opportunity to litigate her retaliation claims in federal court and losing means that Cicchiello is barred from reasserting those claims, or any others that could have been brought, in a new action. (Holmes' PO V ¶¶ 61-63.)

Respondents further assert that Cicchiello's Section 1983 claim is barred by the applicable two-year statute of limitations, and, therefore, should be dismissed on that basis as well.[10] (Holmes' PO VI ¶ 66.) According to Respondents,

---

propriety of another party's preliminary objections raising res judicata" by filing POs thereto, the "defect is deemed waived." Id. Cicchiello has not filed objections to the procedural defect of Respondents raising these defenses in its POs.

[9] Although Department respondents and Holmes filed separate sets of POs, they are virtually identical in their bases for relief and in their numbering. Accordingly, we cite only to the Holmes' POs as the other Respondents' POs directly correspond therewith with only a few minor deviations.

[10] Like res judicata and collateral estoppel, the defense of the expiration of the statute of limitations is an affirmative defense that should be raised as new matter. Pa. R.C.P. No. 1030(a). "However, where an affirmative defense is clear on the face of the pleadings, it may be addressed by the court at the preliminary objection stage." Scavo v. Old Forge Borough, 978 A.2d 1076, 1078 (Pa. Cmwlth. 2009). "[T]he failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." Id. (internal quotation omitted). Cicchiello has not filed objections to the procedural defect of Respondents raising this defense in its POs.

7

Cicchiello's claims arose in either 2007 when she was discharged or in February 2013, when she became aware that the Department was not going to comply with the December 2012 Settlement Agreement and, therefore, her original Complaint, filed on July 16, 2015, was beyond the two-year limitations period. (Holmes PO VI ¶¶ 66-67, 69.)

Cicchiello responds, generally,[11] that as a pro se litigant, her pleadings should be considered under less stringent standards and appears to argue that any untimeliness was due to her being misled, contradictory language between a rule and court order, or fraud. (Cicchiello's Br. at 16-18.) She further asserts that the totality of the circumstances should be considered and she should be permitted to amend her complaint to overcome the POs. (Cicchiello's Br. at 18.)

### i. Res Judicata/Collateral Estoppel

After reviewing the Second Amended Complaint and Cicchiello's prior action in federal court, we agree with Respondents that this matter is barred by res judicata and collateral estoppel and, therefore, Cicchiello has failed to state a claim upon which relief can be granted in Count I. "Res judicata encompasses two related, yet distinct principles: technical res judicata and collateral estoppel." J.S. v. Bethlehem Area School District, 794 A.2d 936, 939 (Pa. Cmwlth. 2002). "Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded." Id. "[R]es judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being

---

[11] Cicchiello does not respond directly to the POs.

8

sued." Id. "Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated." Id. "Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment." Id.

> [C]ollateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action, and (4)[] the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

Id. "A judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal." Philadelphia Fraternal Order of Correctional Officers v. Rendell, 701 A.2d 600, 607 (Pa. Cmwlth. 1997). "Causes of action may be considered identical when, in both the current and prior proceedings, the subject matter and the ultimate issues are the same." Id.

In Cicchiello II, Cicchiello sued the Department's Secretary and various employees at SCI-Frackville, including Respondent Wenerowicz, under Section 1983 claiming that her January 2007 *discharge* from her position as a registered nurse at SCI-Frackville violated her rights under the *First and Fourteenth Amendments to the United States Constitution*. Cicchiello II, 726 F.Supp.2d at 525, 528. She asserted that this was done because she was exercising her First Amendment rights. Id. at 529-30. Count I asserts an action under Section 1983 claiming that she "was subjected to *discipline and termination*, all in violation of her rights under the *First and Fourteenth Amendments*." (Compl. ¶ 32 (emphasis added).) Although many of Cicchiello's factual allegations in the present matter involve the circumstances surrounding her grievance and the various settlement agreements, she also implies that she was terminated on or about January 2007

9

"[d]ue to [her] being [r]epresentative for S[EIU] Health Care Union 1199P." (Compl. ¶¶ 2-3.) The action in Cicchiello II did not assert a claim based on her being discharged because of her status as a union representative, but it was a claim that could have been raised during that proceeding and, therefore, is subject to res judicata. J.S., 794 A.2d at 939. Accordingly, we view the claims and ultimate issues in Count I as being identical to those in Cicchiello II or ones that could have been raised therein, thereby meeting these requirements for both res judicata and collateral estoppel.

We, likewise, conclude that both matters involve the same parties or parties in privity to each other, and those parties are of the same quality or capacity. In Cicchiello II, Cicchiello named as defendants Respondent Wenerowicz, the then-sitting Department Secretary, the Superintendent at SCI-Frackville at that time, as well as others employed by the Department. Respondent Wenerowicz, the successor Secretary (Respondent Wetzel), Deputy Superintendent of SCI-Frackville (Respondent Tritt), and several other officials or employees of the Department and SCI-Frackville, in their official capacities, are named as defendants in the present matter. "Privity is broadly defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." Hillgartner v. Port Authority of Allegheny County, 936 A.2d 131, 140 (Pa. Cmwlth. 2007) (quotation omitted). These defendants are either the same or in privity to the original defendants in Cicchiello II in that they have an identification of interest in the allegations raised by Cicchiello and in that they are all sued in their official capacities as representatives and employees of the Department. Moreover, as observed by the federal courts, "merely . . . naming additional

10

defendants . . . will not convert one cause of action into a second cause of action if both actions involve the same liability-creating conduct on the part of the defendants and the same alleged invasion of the plaintiff's rights." Coggins v. Carpenter, 468 F.Supp. 270, 280 (E.D. Pa. 1979). The factual bases for Cicchiello's Section 1983 claim in Count I are the same as in Cicchiello II, thus, her naming new or different defendants does not convert the prior matter into a new cause of action not subject to res judicata.

Moreover, Cicchiello II reached a final judgment on the merits of Cicchiello's constitutional claims, the same claims as those asserted in the present matter, as it was affirmed by the Third Circuit and the United States Supreme Court denied certiorari. Philadelphia Fraternal Order of Correctional Officers, 701 A.2d at 607. Additionally, Cicchiello, the party against whom collateral estoppel is being asserted, was the plaintiff in Cicchiello II, and, therefore, this factor is met. Finally, we conclude that Cicchiello had a full and fair opportunity to litigate her constitutional claims in the Section 1983 action filed in Cicchiello II. In that case, Cicchiello: filed her complaint; filed an amended complaint; the parties engaged in discovery; upon being presented a motion for summary judgment, the Middle District Court reviewed the merits of Cicchiello's claims that her rights under the First and Fourteenth Amendments were violated; and the Middle District Court concluded that Cicchiello's claims were without merit and granted summary judgment to the defendants. Cicchiello II, 726 F.Supp.2d at 529-32.

For the above reasons, we agree with Respondents that Cicchiello's Section 1983 claim asserted in Count I of the Second Amended Complaint is barred by res judicata and collateral estoppel.[12] Accordingly, we sustain Respondents' PO V.

### ii. Statute of Limitations

We also conclude that Count I is barred because it was filed beyond the statute of limitations for Section 1983 claims. "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009). Pursuant to Section 5524(7) of the Judicial Code, such actions are subject to a two-year statute of limitations. 42 Pa. C.S. § 5524(7). The statute of limitations begins to run when a plaintiff knew or should have known of the injury upon which the action is based. Wilson v. El–Daief, 964 A.2d 354, 361-62, 369 (Pa. 2009). Here, the cause of action raised in Count I accrued when Cicchiello "was subjected to *discipline and termination*, all in violation of her rights under the First and Fourteenth Amendments." (Compl. ¶ 32 (emphasis added).) This occurred in January 2007 when she was discharged or, at the latest, in February 2013 when she became aware that the Department was not going to fulfill the terms of the

---

[12] We note that Report and Recommendation of the United States Magistrate Judge in the corresponding Middle District Court matter also came to the conclusion that Cicchiello's Section 1983 claims were barred by res judicata. Cicchiello v. Wetzel, No. 1:15-CV-01201-JEJ, slip op. at 7-9 (M.D. Pa. filed January 5, 2016). Per Middle District Court Local Rule 72.3, "any party may object to a magistrate judge's proposed findings, recommendations or report" within fourteen days of being served with that decision by "serv[ing] . . . written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Available at http://www.pamd.uscourts.gov/sites/default/files/local_rules/LR120114.pdf (last visited March 29, 2016). It is unclear whether Cicchiello has properly objected to the Magistrate Judge's Report and Recommendation.

December 2012 Settlement Agreement.  Cicchiello filed her initial complaint in this Court on July 16, 2015, which was more than two years after her action accrued.[13]  Accordingly, we sustain Respondents' PO VI.

### B. Count II

Count II alleges, *inter alia*, that Respondents "[c]onspired against Plaintiff and conspired against any and all fair Labor Practice Acts/Laws." (Compl. ¶ 35.) SEIU said it "had a time frame when to enforce the [December 2012] [S]ettlement [A]greement" but, when Cicchiello went to the Pennsylvania Labor Relations Board, it said that Tellado's one-year time frame was incorrect.  (Comp. ¶¶ 36-37a.[14])  The December 2012 Settlement Agreement was the only valid agreement that settled Cicchiello's grievance and any other agreements are null and void. (Compl. ¶¶ 38-39.)  Notably, Count II does not reference which labor laws were violated.

On this Count, Respondents assert that Cicchiello has failed to state a claim for any violation of labor law because:  (1) the Department, and other state employers, are exempt from both federal labor law[15] and the Pennsylvania Labor Relations Act (PLRA);[16] and (2) those claims are barred by the relevant statutes of limitations under federal labor law and the PLRA, see DelCostello v. International

---

[13] We note that Magistrate Judge's Report and Recommendation in the corresponding Middle District Court matter also came to the conclusion that Cicchiello's Section 1983 claims were time-barred.  Cicchiello, No. 1:15-cv-01201-JEJ, slip op. at 10 n.4.

[14] There are two paragraph 37s in the Complaint.

[15] Section 2(2) of the National Labor Relations Act excludes, *inter alia*, "any State" from the definition of employer.  29 U.S.C. § 152(2).

[16] 43 P.S. §§ 211.1-211.13. Section 3(c) of the PLRA specifically excludes, *inter alia*, the Commonwealth from the definition of employer under the PLRA. 43 P.S. § 211.3(c).

13

Brotherhood of Teamsters, 462 U.S. 151, 169-70 (1983) (recognizing that under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) an employee must bring an unfair labor charge within six months); Section 9(e) of the PLRA, 43 P.S. § 211.9(e) (requiring any charge to be brought within six weeks). (Holmes' PO VII ¶¶ 72-75.) Noting that Cicchiello acknowledges that she was aware of the Department's position in February 2013 and she did not file her claims until July 16, 2015, Respondents maintain that such claims are time-barred. (Holmes' PO VII ¶¶ 73, 77.)

Respondents further argue that Count II should be dismissed pursuant to Pa. R.C.P. No. 1028(a)(7)[17] because Cicchiello failed to exhaust her administrative remedies before filing the present matter with the Court as required by Section 9(h) of the Pennsylvania Human Relations Act[18] (PHRA), 43 P.S. § 959(h) (requiring that a complaint be filed "within [180] days after the alleged act of discrimination"), or Title VII, 42 U.S.C. § 2000e-5(e)(1) (requiring that a claim be filed within 180 days of "the alleged unlawful employment practice" or within 300 days of such practice if the person "initially instituted proceedings with a State or local agency"). (Holmes' PO VIII ¶ 80.) No such charges were ever filed by Cicchiello. (Holmes' PO VIII ¶ 80 n.5.)

Cicchiello responds by reiterating that Respondents and Union Respondents did not negotiate in good faith and are acting in collusion to deny her the benefits of the December 2012 Settlement Agreement. She further argues that Union

---

[17] Pa. R.C.P. No. 1028(a)(7) states that "[POs] may be filed by any party to any pleading and are limited to the following grounds: . . . failure to exercise or exhaust a statutory remedy."

[18] Act of October 27, 1955, P.L. 744, as amended, 43 P.S. § 959(h).

Respondents have failed in their responsibility to represent her interests as a member of SEIU.

> ### i. Respondents are exempt from labor laws and Count II is time-barred

After reviewing both federal and state labor laws, we conclude that Respondents are both exempt from those laws' provisions and Cicchiello's labor law claims are time-barred. The Second Amended Complaint names the Department and the various individual Respondents in their respective roles as Department officials or employees. As Respondents point out, both the National Labor Relations Act and PLRA exclude the Commonwealth from the definition of "employer." Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2); Section 3(c) of the PLRA, 43 P.S. § 211.3(c). These laws likewise require that any action be filed within the relevant agency within six months and six weeks, respectively. 29 U.S.C. § 160(b); 43 P.S. § 211.9(e). Given the broad nature of Cicchiello's claim, we also review the Public Employe Relations Act[19] (PERA), which does apply to public employers such as the Department. However, pursuant to Section 1505 of PERA, Cicchiello was required to have filed a claim for violation within four months of the alleged violation. 43 P.S. § 1101.1505. Under any of these standards, Cicchiello's initial complaint, filed on July 16, 2015, was untimely.[20] Accordingly, we sustain Respondents' PO VII to Count II.

---

[19] 43 P.S. §§ 1101.101-1101.2301.

[20] Common pleas issued its decision December 7, 2015, in which it granted Respondents' POs to Cicchiello's labor law claims as being time-barred under Section 1505 of PERA. Cicchiello v. SEIU 1199P Union (Service Employees International Union) et. al, Docket Number 2015-1307 (C.P. Pa. 2015), slip op. at 3-4.

## ii. *Failure to Exhaust Administrative Remedies*

We also conclude that Count II is barred because Cicchiello failed to exhaust the administrative remedies that were available to her. The PHRA, the terms of which applies to the Department,[21] requires, in relevant part, that a person claiming to be a victim of unlawful discrimination file a complaint with the Pennsylvania Human Relations Commission (Commission) "within [180] days after the alleged act of discrimination." 43 P.S. § 959(a), (h). Our Supreme Court has indicated that if a complainant does not file a complaint for discrimination under the PHRA with the Commission within 180 days, judicial remedies are barred.[22] Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1992). "This rule of 'exhaustion of remedies' has long applied by the courts of this Commonwealth to claims under the [PHRA]." Id. Title VII contains a similar requirement that a complaint of discrimination be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful employment practice, which is extended to 300 days *if* a complaint is filed with a similar state agency. 42 U.S.C. § 2000e-5(e)(1). It likewise provides the circumstances, after a charge is filed with the EEOC, when a complainant can file a civil complaint in a court. 42 U.S.C. § 2000e-5(f). Here, there is nothing in the Second Amended Complaint alleging that Cicchiello has filed the necessary timely, complaint with the Commission or the EEOC that would subsequently permit her to file the present matter in this Court.

---

[21] Section 4(b) of the PHRA defines "employer" as including the Commonwealth and department thereof. 43 P.S. § 954(b).

[22] Section 9(d.1) of the PHRA provides that, after the Commission's investigation, the Commission may provide written notice to the parties allowing them to file a civil action in this Court's original jurisdiction. 43 P.S. § 959(d.1). Section 12(c) describes when an action may be filed in the courts of this Commonwealth if the Commission dismisses a complaint or does not enter into a conciliation agreement with the complainant as a party. 43 P.S. § 962(c).

Therefore, we agree with Respondents that Cicchiello has not exhausted her administrative remedies and sustain Respondents' PO VIII.

### C. Count III

Count III asserts a breach of contract action by incorporating the prior paragraphs of the Second Amended Complaint. (Compl. ¶ 41.) Cicchiello then sets forth a variety of assertions, including: the elements of a breach of contract action, the damages available in such actions, that settlement agreements are contracts, and that a party may not repudiate a settlement agreement. (Compl. ¶¶ 42-45.)

Respondents aver that any breach of contract claim against them is barred by the doctrine of sovereign immunity as set forth in Section 2310 of Title I of the Pennsylvania Consolidated Statutes, 1 Pa. C.S. § 2310, and, therefore, Cicchiello has not stated a claim upon which relief can be granted.[23] Pa. R.C.P. No. 1028(a)(4) (demurrer). (Holmes' PO I ¶¶ 20-21, 31.) Respondents note that sovereign immunity for breach of contract claims remains intact unless such claims fall within the jurisdiction of the Board of Claims. (Holmes' PO I ¶¶ 22-24, 26 (citing Scientific Games International v. Commonwealth, 66 A.3d 740, 753 n.17, 755 (Pa. 2013)).) According to Respondents, the Board of Claims does not have jurisdiction over employment agreements or collective bargaining agreements, which includes "'claims arising from employment contracts entered into with the

---

[23] Respondents acknowledge that typically sovereign immunity is an affirmative defense, but maintain that it can be asserted where, as here, it is "apparent on the face of the pleading under attack." (Holmes' PO I ¶ 32 (citing Faust v. Department of Revenue, 592 A.2d 835, 838 n.3 (Pa. Cmwlth. 1991)); Ziccardi v. School District of Philadelphia, 498 A.2d 452, 453 (Pa. Cmwlth. 1985).) Cicchiello does not object to the assertion of this defense in the POs.

Commonwealth.'" (Holmes' PO I ¶¶ 25-26 (quoting Dubaskas v. Department of Corrections, 81 A.3d 167, 176 (Pa. Cmwlth. 2013)).)

Respondents further assert that Cicchiello's breach of contract claim should be dismissed for failure to state a claim because the contract she seeks to enforce, the December 2012 Settlement Agreement, was an illegal or invalid contract that conflicted with specific provisions the Retirement Code. (Holmes' PO II ¶¶ 34-35, 40-41.) Respondents note that only the State Employees' Retirement Board (SERB), the body that administers the State Employees' Retirement System (SERS), has the authority to grant retirement credits and that, under the Retirement Code, "in no case, shall a state employee receive more than one year's credit for any 12 consecutive months." (Holmes' PO II ¶¶ 36-37 (citing Section 5302 of the Retirement Code, 71 Pa. C.S. § 5302).) Because "the December 2012 [S]ettlement [A]greement purport[ed] to award Ms. Cicchiello time for which benefit contributions [were] not being made," i.e., twenty-five years with only fifteen years of contributions, and "with more than one year's credit, in a 12 month period, in order to attain twenty-five years," the December 2012 Settlement Agreement contained an illegal term that is unenforceable as a matter of law. (Holmes' PO II ¶¶ 38-39 (citing, e.g., Watrel v. Department of Education, 518 A.2d 1158, 1162 (Pa. 1986)).)

Cicchiello responds that Union Respondents breached the contract by not "submit[ting the] settlement in a timely manner" and not "represent[ing] her in further action to ensure that she received the benefits that had been awarded" in any of the settlement agreements. (Cicchiello's Br. at 11.) She further asserts that "Holmes had a responsibility to submit a document for settlement that was legally sound" and that his "[f]ailure to do so represents a lack of good faith bargaining

18

and also a violation of his legal and moral obligations as a salaried government worker." (Cicchiello's Br. at 11, 12-14.) Cicchiello maintains that the Respondents and Union Respondents colluded to deny Cicchiello her rights under the December 2012 Settlement Agreement. She notes that neither SEIU nor the Department has requested a court to negate the December 2012 Settlement Agreement and, therefore, it remains binding, and they are simply refusing to comply with the terms therein.

### i.      Sovereign Immunity

We agree with Respondents that they are entitled to sovereign immunity from Cicchiello's breach of contract claims set forth in Count III. "[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. § 2310. With regard to contracts, the Commonwealth Procurement Code (Procurement Code) provides that the Board of Claims has "exclusive jurisdiction to arbitrate claims *arising from . . .* [*a*] *contract* entered into by a Commonwealth agency in accordance with this part," defines contract as "[a] type of written agreement, regardless of what it may be called, *for the procurement . . . of . . . services . . .*," but excludes "employment agreements or collective bargaining agreements" from the term "services." Sections 103, 1724(a) of the Procurement Code, 62 Pa. C.S. § 103, 1724(a) (emphasis added). In Dubaskas, we held that claims arising out of employment or collective bargaining agreements do not fall within the Board of Claims' jurisdiction and, therefore, sovereign immunity is not waived for such claims. Dubaskas, 81 A.3d at 176-77. We relied

19

on Dubaskas in Cicchiello I to affirm the Board of Claims' determination that it did not have jurisdiction over Cicchiello's earlier breach of contract claim against the Department. Cicchiello I, slip op. at 8. Because the Board of Claims does not have jurisdiction over Cicchiello's breach of contract claim based on the December 2012 Settlement Agreement, sovereign immunity remains intact, and, therefore, we sustain Respondents' PO I to Count III.[24]

### ii. Unenforceable Contract

We further conclude that the relevant provisions of the December 2012 Settlement Agreement, which purported to provide Cicchiello with retirement credit to allow Cicchiello credit for twenty-five years of service, could not be effectively performed without violating the Retirement Code and, therefore, was "illegal, unenforceable, and void *ab initio*." Watrel, 518 A.2d at 1160 (citation omitted). As explained in Watrel, the "administration of the State Employees' Retirement Fund is solely the responsibility of the SERB," and the Commonwealth's other departments do not have the authority to alter the terms of the Retirement Code, such as granting retirement credits, via settlement agreement. Id. at 1160-62. For example, in Watrel, the Department of Education agreed, in a settlement agreement, to accept a tenth year contribution from a discharged employee to allow that employee to become vested in SERS. The former employee, who was at the time employed in North Dakota, sent his contribution, and the Department of Education forwarded the payment to SERB. SERB refused

---

[24] Common pleas likewise concluded that Respondents were entitled to sovereign immunity with respect to Cicchiello's breach of contract claim. Cicchiello, Docket Number 2015-1307, slip op. at 2-3.

to accept the payment as not being in accordance with the Retirement Code because the former employee was not an "active member" as required thereby. Id. at 1159. The former employee sued under a breach of contract theory, but our Supreme Court held that there was no breach because the Department of Education had no authority to vest the former employee as such authority lay with SERB. Id. at 1161. Moreover, we have observed that neither SERB nor the courts have the authority "to circumvent the express language of the [Retirement] Code," or provide "equitable relief contrary to the mandates of the Retirement Code."[25] Weaver v. State Employees' Retirement Board, 129 A.3d 585, 589 (Pa. Cmwlth. 2015) (internal quotations omitted).

Section 5302(a) of the Retirement Code provides that a state employee shall receive credit "in each period for which [benefit] contributions are made" but that "in no case shall [a member] receive more than one year's credit for any 12 consecutive months or 26 consecutive biweekly pay periods." 71 Pa. C.S. § 5302(a). Paragraph 2 of the December 2012 Settlement Agreement states that "[t]he Department will award Ms. Cicchiello whatever time was necessary for her to attain twenty-five years of service with the Commonwealth." (Agreement ¶ 2.) In so stating, it attempts to award Cicchiello retirement credit, i.e., time of service,

---

[25] Section 5955 of the Retirement Code expressly provides that:

> pension rights of State employees shall be determined solely by this part or any amendment thereto, and no collective bargaining agreement nor any arbitration award between the Commonwealth and its employees or their collective bargaining representatives shall be construed to change any of the provisions herein, to require [SERB] to administer pension or retirement benefits not set forth in this part, or otherwise require action by any other government body pertaining to pension or retirement benefits or rights of State employees.

71 Pa. C.S. § 5955.

for periods during which contributions were not being made. (Agreement ¶ 2.) In particular, it sought to give Cicchiello credit for twenty-five years of service, even though she only made contributions for fifteen years. (Agreement ¶ 2.) That provision also attempted to give Cicchiello more than one year's credit in a twelve month period such that she could attain twenty-five years of service. (Agreement ¶ 2.) Such terms are directly contrary to those provided in Section 5302(a) of the Retirement Code and, therefore, cannot be enforced. Watrel, 518 A.2d at 1160-62. Therefore, we sustain Respondents' PO II to Count III.[26]

### D. Motion for Summary Judgment

Cicchiello filed a Motion for Summary Judgment against Union Respondents because "[SEIU] breached its contract when it reached a settleme[n]t for Plaintiff Cicchiello and then failed to support Plaintiff through the legal process, reaching the level of collusion within the group of Defendants." (Motion for Summary Judgment.) To this motion, she attached her "Motion to Enforce

---

[26] Respondents' other POs generally assert that the Second Amended Complaint should be barred because: (1) it does not conform to law or rule of Court, Pa. R.C.P. No. 1028(a)(2), in that it contains a defective Notice to Defend and does not contain a basis for this Court's jurisdiction, (Holmes' PO III ¶¶ 42-47); and (2) the original Complaint did not contain a summons and was not served by a sheriff as required by Pa. R.C.P. No. 400, 400(a), Pa. R.C.P. No. 1028(a)(1), (Holmes' PO IV ¶¶ 48-56). The POs also assert that: (1) Cicchiello has not stated a claim for a substantive due process violation, (Holmes' PO IX ¶¶ 83-89); (2) Cicchiello cannot recover monetary damages from the individual respondents, such as Holmes, because they were sued in their official capacities and, therefore, are not "persons" for the purposes of Section 1983, (Holmes' PO X ¶¶ 90-94); (3) Cicchiello has no breach of contract claim against the individual respondents because they were not parties to the December 2012 Settlement Agreement, (Holmes' PO XI ¶¶ 95-100); and (4) Cicchiello's claims are insufficiently specific because, for the most part, they speak in only generalities, such as "all fair Labor Practice Acts/Laws" or "all other Amendments," (Holmes' PO XII ¶¶ 101-05). However, because of our disposition of the other POs, we will not address these objections.

22

Sa[n]ctions and Punitive Damages Agains[t] SEIU" (Motion to Enforce Sanctions) as the legal basis for summary judgment. The Motion to Enforce Sanctions reiterates that SEIU breached its contract with Cicchiello by not supporting her through the legal process of enforcing the terms of the December 2012 Settlement Agreement and by colluding with Respondents. (Motion to Enforce Sanctions ¶¶ 1-2.) Cicchiello seeks, *inter alia*, traditional tort remedies, including compensatory damages and punitive damages under Section 1983. (Motion to Enforce Sanctions ¶¶ 4, 7.)

Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1532(b), provides: "(b) Summary relief. At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." "An application for summary relief is properly evaluated according to the standards for summary judgment." McGarry v. Pennsylvania Board of Probation and Parole, 819 A.2d 1211, 1214 n.7 (Pa. Cmwlth. 2003). The court may grant a motion for summary relief "if a party's right to judgment is clear and no issues of material fact are in dispute." Myers v. Commownwealth, 128 A.3d 846, 849 (Pa. Cmwlth. 2015) (internal quotation omitted). As described in our above analysis on Respondents' POs related to each count pertaining to the expiration of the relevant statute of limitations, the failure to exhaust administrative remedies, and the unenforceability of the relevant provision of the December 2012 Settlement Agreement, we do not believe that Cicchiello's right to judgment against Union Respondents is clear in this matter and, therefore, we deny her Motion for Summary Judgment. Id.

23

**E. Other Motions**

In addition to the Second Amended Complaint and the Motion for Summary Judgment, Cicchiello has filed the following additional motions naming both Respondents and Union Respondents: (1) Motion for Discovery; (2) Motion to Enforce Settlement Agreement; (3) "Resubmit A Motion for Summary Judgment/ Motion to Enforce the Settlement Agreement"; (4) a Motion to Reargue; and (5) "Notice of Letters of Interrogatories and Subpeona [sic]."[27] Against Union Respondents, she also filed the Motion to Enforce Sanctions. All of these motions were stayed pending the disposition of Respondents' POs by various orders of this Court. Because we have sustained several of the POs by Respondents to each Count of the Second Amended Complaint and, therefore, will dismiss with prejudice the Second Amended Complaint as to Respondents, we likewise deny all of these motions as they relate to Respondents. We continue the stay of the remaining motions as against Union Respondents.

**F. Conclusion**

For the foregoing reasons, we sustain the Respondents POs I, II, V, VI, VII, and VIII, and we dismiss with prejudice the Second Amended Complaint as against Respondents. As a result, we deny all of the outstanding motions filed by Cicchiello as against Respondents. We deny Cicchiello's Motion for Summary Judgment against Union Respondents. Union Respondents shall file an Answer and/or appropriate dispositive motion within 30 days of this Order. The remaining

---

[27] The motions generally reassert the allegations set forth in the Second Amended Complaint, but also attempt to assert new legal bases for relief. For example, in the Motion to Reargue, Cicchiello asserts a claim against Union Respondents for breaching their duty of fair representation in this matter. (Motion to Reargue ¶¶ 20-29.)

24

Motions filed by Cicchiello against the Union Respondents will remain stayed until further notice.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan M. Cicchiello, : 

                          Petitioner : 

          v. : 

SEIU 1199P Union Service Employees :   No. 361 M.D. 2015
International Union Kim Patterson :
SEIU 1199 Secretary Treasurer :
Wilfredo Tellado MRC Director John :
E Wetzel Secretary of Pennsylvania :
Department of Corrections Ty Stanton, :
Director Human Resources Michael :
Wenerowicz, Acting Deputy Secretary :
E. Region Former Deputy :
Superintendent (SCI Frackville) :
Raphael Chieke, Equal Employment :
for the Department of Corrections :
Timothy A. Holmes, Assistant Council :
for the Commonwealth, :
Commonwealth of Pennsylvania :
Department of Corrections Brenda :
Tritt Deputy Superintendent State :
Correctional Institute at Frackville, :

                      Respondents : 

## PER CURIAM             O R D E R

**NOW**, April 26, 2016, the Motion for Summary Judgment filed by Joan M. Cicchiello against SEIU 1199P Union Service Employees International Union, Kim Patterson and Wilfredo Tellado (Union Respondents) is hereby **DENIED**. The Preliminary Objections to the Second Amended Complaint filed by the Pennsylvania Department of Corrections, John E. Wetzel, Ty Stanton, Michael

Wenerowicz, Raphael Chieke, Brenda Tritt, and Timothy A. Holmes (Respondents) in the above-captioned matter are resolved as follows:

(1) Respondents' Preliminary Objections V and VI to Count I of Second Amended Complaint are **SUSTAINED**;

(2) Respondents' Preliminary Objections VII and VIII to Count II of the Second Amended Complaint are **SUSTAINED**;

(3) Respondents' Preliminary Objections I and II to Count III of the Second Amended Complaint are **SUSTAINED;**

(4) The Second Amended Complaint is **DISMISSED WITH PREJUDICE** as against Respondents;

(5) All other Motions filed by Cicchiello are **DENIED** as they pertain to Respondents.

Additionally, Union Respondents shall file an Answer and/or appropriate dispositive motion within 30 days of this Order. All other Motions filed by Cicchiello against Union Respondents hereby remain stayed until further notice.